**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JASEN LYNN DUSHANE,

    Plaintiff,

    v.

NORTHERN NEVADA CORRECTIONAL CENTER, et al.,

    Defendants.

3:14-cv-00586-RCJ-VPC

**ORDER**

Plaintiff has submitted a motion for preliminary injunction and a motion for reconsideration. (ECF No. 8, 21). The Court will address each motion in turn.

**I.    MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff filed a motion for a preliminary injunction. (ECF No. 8). The traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200-01 (9th Cir. 1980). The moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff has not demonstrated probable success on the merits at this time. Plaintiff has alleged that a policy at NNCC has prejudiced him in his ability to access the courts. This

allegation is sufficient to state a claim at this stage, but does not demonstrate probable success on the merits. Moreover, Plaintiff has not demonstrated that the balance of hardships tips sharply in his favor. Accordingly, Plaintiff's motion for a preliminary injunction is denied.

**II.     MOTION FOR RECONSIDERATION**

Plaintiff filed a motion for reconsideration (ECF No. 21) and asserts the Court should reconsider its dismissal of his Fourth and Fourteenth Amendment claims.

Plaintiff alleges he has no choice but to give his legal papers to inmate law clerks in order to get copies. (ECF No. 21 at 1-2). Plaintiff contends this involuntary action forms the basis of a Fourth Amendment deprivation. "Simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Bell v. Wolfish*, 441 U.S. 520, 521 (1979) (citation omitted). Plaintiff's Fourth Amendment claim fails because the "search" Plaintiff alleges is unconstitutional is the exact sort of mutual accommodation anticipated by *Bell.*

Plaintiff's Fourteenth Amendment Equal Protection Claim does not state a viable cause of action. Plaintiff claims the government is required "to follow the very laws they themselves force upon citizens of the United States that affect life and liberty." (ECF No. 21 at 2). This pronouncement is insufficient to state a colorable Equal Protection Claim violation. In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff has not alleged he has been treated differently than other similarly situated individuals. Plaintiff has filed two amended complaints in addition to his initial complaint and yet has not shown he is able to correct the deficiency in his Fourteenth Amendment Equal

Protection Clause claim. Accordingly, Plaintiff's motion for reconsideration (ECF No. 21) is denied.

### III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for a Preliminary Injunction (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that the stay issued in the Court's previous order (ECF No. 19) remains in effect. The parties are directed to refer to that order for all deadlines and pertinent information concerning the further progression of this case.

DATED: This 12th day of February, 2016.

_____
United States District Judge