1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7   JASEN LYNN DUSHANE,                         )
                                                )
8           Plaintiff,                          )
                                                )        3:14-cv-00586-RCJ-VPC
9           v.                                  )
                                                )
10  NORTHERN NEVADA CORRECTIONAL                )        **ORDER**
    CENTER, et al.,                             )
11                                              )
            Defendants.                         )
12                                              )
    _____
13

14  **I.    DISCUSSION**

15          Defendants have submitted a motion for clarification.  (ECF No. 27).  On January 19,

16  2016, the Court issued its screening order permitting Plaintiff's First Amendment access to the

17  courts claim to proceed and staying this case for ninety days to allow Plaintiff and Defendants

    an opportunity to settle their dispute.  (ECF No. 19).  On February 12, 2016, the Court issued
18
    a  subsequent  order  denying  a  motion  for  preliminary  injunction  and  a  motion  for
19
    reconsideration filed by the Plaintiff.  (ECF No. 22).  In that order, the Court stated "the stay
20
    issued in the Court's previous order (ECF No. 19) remains in effect.  The parties are directed
21
    to  refer  to  that  order  for  all  deadlines  and  pertinent  information  concerning  the  further
22
    progression of this case."  (ECF No. 22 at 3:8-10).
23
            Defendants subsequently filed the instant motion, asking the Court for clarification
24
    concerning the Plaintiff's application to proceed *in forma pauperis*.  (*See* ECF No. 27).  In the
25
    screening order, the Court: (1) granted the Plaintiff's application to proceed *in forma pauperis*,
26
    (2) ordered Plaintiff to complete service of the complaint through the U.S. Marshal's Office;
27
    (3) stayed the case for ninety (90) days to allow Plaintiff and Defendants an opportunity to
28
    settle their dispute through a court-appointed mediator.  (ECF No. 19 at 5:6-7, 5:9-6:14).

1    The Court hereby grants the motion for clarification.  The Court now vacates the portion
2  of the screening order which granted Plaintiff's application to proceed *in forma pauperis* and
3  the portion that directed Plaintiff to complete service through the U.S. Marshal's office.  The
4  Court is not denying Plaintiff's application to proceed *in forma pauperis*, but rather is deferring
5  it to allow the parties to attempt to settle their disputes before the $350.00 filing fee is paid,
6  an answer is filed, or the discovery process begins.  The Court will order e-service on the
7  defendants when it is time to do so.

8  **II.    CONCLUSION**

9    For the foregoing reasons, IT IS ORDERED that defendants' motion for clarification of
10 screening order (ECF No. 27) is GRANTED to the extent described above.

11   IT IS FURTHER ORDERED that the portion of the Court's screening order directing
12 Plaintiff to complete service through the U.S. Marshal's Office and granting his application for
13 leave to file *in forma pauperis* (ECF No. 19 at 5:6-7, 5:9-6:14) is vacated.

14   IT IS FURTHER ORDERED that Plaintiff's application for leave to file *in forma pauperis*
15 (ECF No. 1) is deferred.

16   IT IS FURTHER ORDERED that Defendant the Nevada Department of Corrections is
17 dismissed with prejudice, as amendment would be futile.[1]

18   IT IS FURTHER ORDERED that the Court clarifies that Plaintiff's First Amendment
19 access to the courts claim states a claim against Defendants Warden Isidro Baca, Associate
20 Warden Walsh, Associate Warden Schreckengost, Correctional Officer Moses, Correctional
21 Officer Foster, and Law Library Supervisor Pauline Simmons.

22   IT IS FURTHER ORDERED that, consistent with the findings of this order, the Court

23

24    [1] The NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42
25 U.S.C. § 1983.  *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997);
26 *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June
27 21, 2010).  As such, the Court dismisses with prejudice all claims against the NDOC, as
28 amendment would be futile.

HEREBY STRIKES lines 6-7 and 9-24 on page 5 and lines 1-14 on page 6 of its screening order (ECF No. 19).

IT IS FURTHER ORDERED that the Court extends the stay currently in effect until June 10, 2016, to allow Plaintiff and Defendants an opportunity to settle their disputes before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. The Court has referred this case to the Court's Inmate Early Mediation Program and an inmate early mediation conference is currently scheduled for May 31, 2016 at 1:30 PM in Reno Courtroom 1 before mediator Don Christensen.  The mediation shall take place as scheduled.  On or before June 10, 2016, the Office of the Attorney General shall file the report form attached to this order regarding the results of the stay, even if a stipulation for dismissal is entered prior to the end of the stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that "settlement" may or may not include a payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that if the case does not settle, Plaintiff will be required to pay the full $350.00 filing fee. This fee cannot be waived. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account.  28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

DATED: This 7th day of June, 2016.

_____
United States District Judge

3

1
2
3
4
5
6
7  **UNITED STATES DISTRICT COURT**
8  **DISTRICT OF NEVADA**
9  JASEN LYNN DUSHANE,                    )
10              Plaintiff,                )          3:14-cv-00586-RCJ-VPC
11                                        )
12       v.                              )          REPORT OF ATTORNEY GENERAL
                                         )          RE: RESULTS OF 90-DAY STAY
13  NORTHERN NEVADA CORRECTIONAL          )
14  CENTER, et al.,                       )
15              Defendants.               )
16  _____
17
18  **NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM.**
19  **THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**
20

21       On January 25, 2016, the Court issued its screening order stating that it had

22  conducted its screening pursuant to 28 U.S.C. § 1915A, and that Plaintiff's First

23  Amendment access to the courts claim would proceed.  The Court ordered the Office of the

24  Attorney General of the State of Nevada to file a report ninety (90) days after the date of

25  the entry of the Court's screening order to indicate the status of the case at the end of the

26  90-day stay.  In a subsequent order, the Court ordered the office of the Attorney General of

27  the State of Nevada to file its report on or before June 10, 2016.  By filing this form, the

28  Office of the Attorney General hereby complies.

4

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

_____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

_____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  *(If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____ None of the above five statements describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of*

5

*dismissal.)*

_____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements fully describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____          _____
                          Print                                                    Signature

Address:        _____          Phone:
                                                                                   _____

                     _____          Email:
                                                                                   _____